KIM L. COON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Coon v. Commissioner
Docket No. 2109-78.
United States Tax Court
T.C. Memo 1980-366; 1980 Tax Ct. Memo LEXIS 213; 40 T.C.M. (CCH) 1172; T.C.M. (RIA) 80366; September 10, 1980, Filed *213 Held, the amount of various expenses petitioner is entitled to deduct on his 1975 return determined. Kim L. Coon, pro se. James J. Posedel, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency of $2,314.75 in petitioner's 1975 Federal income tax. At issue is the substantiation of amounts petitioner deducted on his 1975 return as employee business, child care, moving and miscellaneous expenses. FINDINGS OF FACT Petitioner and his wife, Pamela E. Coon, resided at Portland, *214 Oregon, when they filed their 1975 joint Federal income tax return. Petitioner resided at Beaverton, Oregon, when he filed his petition in this case. [1] Petitioner filed his return for 1975 using the cash receipts and disbursements method of accounting. During 1975, petitioner was employed as an insurance agent. He worked for the John Hancock Mutual Life Insurance Company (hereinafter John Hancock) through June 1975, and covered an area from Grant's Pass to Klamath Falls in southwestern Oregon. In July 1975, petitioner began working for the Combined Insurance Company (hereinafter Combined) and covered an area from Medford to Cape Junction in southwestern Oregon. During the last three months of 1975, petitioner assisted other agents of Combined along the northern Oregon coast. As a result of petitioner's employment, he claimed a deduction for employee business expenses on his 1975 return in the amount of $6,757.00, consisting of automobile expenses in the amount of $6,570.00 [2] and of meals and lodging expenses in the amount of $187.00. Respondent disallowed the entire amount deducted as employee business expenses for lack *215 of substantiation. Petitioner produced no contemporaneously prepared documents or records with respect to the business mileage expense he claimed. The only documentation he presented was a summary of mileage allegedly driven each month during 1975 which was prepared for this trial. As for the meals and lodging expenses, petitioner produced a few receipts totaling approximately $100 to support the deduction of $187, but none of the receipts carried a notation of business purposes. Petitioner also claimed a deduction in the amount of $1,035 on his 1975 return for child care. Respondent disallowed the entire child care deduction for lack of substantiation. Petitioner produced no documents or records in support of the child care deduction other than a canceled check in the amount of $45 payable to New Dimensions, a child care home. Respondent subsequently conceded that petitioner is entitled to deduct $45 for child care. Petitioner also claimed miscellaneous deductions totaling $781 categorized as follows: Direct Mail
$ 82
Commission Cancellations
251
Phone
365
Electricity
20
Natural Gas
63
Total
$781
*216 Respondent disallowed these miscellaneous deductions for lack of substantiation. Petitioner presented no documents or records to substantiate the deductions for direct mail and commission cancellations deductions. As for the deductions for the phone, electricity and natural gas expenses, petitioner presented bills but no documentation to show the bills were actually paid. In December 1975, petitioner moved from Medford, Oregon, to Portland, Oregon. He claimed a moving expense deduction in the amount of $2,700 [3] on his 1975 return itemized as follows: Transportation expenses in moving household
goods and personal effects
$ 100
Travel, meals, and lodging expenses in moving
from former residence to new residence
100
Pre-move travel, meals, and lodging expenses
in searching for a new residence after obtaining
employment
35
Expenses incident to sale or exchange of former
residence
2,358
Expenses incident to either the purchase of a
new residence; or, if renting, acquiring a new
lease
75
Respondent *217 initially disallowed petitioner's moving expense deduction for failure of substantiation but subsequently conceded that petitioner is entitled to deduct $2,358 as a moving expense deduction. Petitioner presented no documentation entitling him to a moving expense deduction in excess of the amount allowed by respondent. OPINION We must determine whether petitioner has adequately substantiated employee business, child care, moving and miscellaneous expenses that he deducted on his 1975 return.
Employee Business Expenses
On his 1975 return petitioner claimed a deduction of $6,757 for employee business expenses consisting of automobile expenses in the amount of $6,570 and of meals and lodging expenses in the amount of $187.Respondent disallowed the entire deduction for failure of substantiation. With respect to the automobile expense deduction, petitioner claims that he drove 58,200 business miles during 1975. Petitioner produced no contemporaneously prepared documents or records to substantiate the mileage expense. He did testify, however, that he was employed as an insurance agent during 1975 and that the business travel arising from this employment covered southwestern *218 Oregon as well as the northern Oregon coast during the last three months of that year. Section 1.162-17(d)(3), Income Tax Regs., provides that: Where records are incomplete or documentary proof is unavailable, it may be possible to establish the amount of the expenditures by approximations based upon reliable secondary sources of information and collateral evidence.
The only secondary evidence in this record is petitioner's testimony that he was employed as an insurance agent which necessitated substantial business travel and a summary of mileage prepared by petitioner for trial. We decline to pass judgment on the reliability of petitioner's mileage summary. Nonetheless, since petitioner was a credible and forthright witness, we believe petitioner's deductions for automobile expenses should not be disallowed entirely. Therefore, under the rule of Cohan v. Commissioner,39 F. 2d 540 (2d Cir. 1930), it is necessary to make a close approximation of those expenses bearing heavily against petitioner "whose inexactitude is of his own making." Applying the rule, we conclude that petitioner is entitled to a deduction of $3,500 for automobile expenses in 1975. *219 With respect to the employee business deduction of $187 for meals and lodging, however, we must sustain respondent's disallowance. Although petitioner did produce a few receipts in support of the deduction for lodging, they do not satisfy the strict substantiation requirements of section 274(d). Section 274(d), in part, requires that a taxpayer substantiate by adequate records or by sufficient evidence corroborating his own statement regarding the business purpose of the expense. The receipts producted by petitioner provide no indication of the business purpose for the expenses. Indeed, petitioner has not even shown that these expenses were incurred by him while away from home on business. Therefore, we must deny petitioner's deduction for meals and lodging in its entirety for failure of substantiation. Child Care Expense
On his 1975 return petitioner also claimed a deduction of $1,035 for child care expenses. Respondent disallowed the deduction contending that petitioner has not substantiated that any amount was paid in 1975 for child care. During the trial, however, petitioner presented a canceled check in support of this deduction. Respondent then conceded that petitioner *220 is entitled to a deduction of $45 for child care. Petitioner's testimony indicates that he made the child care payments at issue in cash.Other than the canceled check, petitioner had no receipts of any kind for the amount he deducted as child care expense. In view of the lack of any substantiation, we must conclude that petitioner is not entitled to a child care expense deduction in excess of the amount conceded by respondent. Miscellaneous Expenses
Petitioner claimed a deduction for miscellaneous expenses totaling $781 which was disallowed by respondent for failure of substantiation. Petitioner's vague testimony with respect to these expenses indicated he believed he was entitled to deduct them because he used a portion of his home as an office for business purposes.Again, petitioner offered no documentation to substantiate that he incurred these expenses except for phone, electricity, and natural gas bills which did not show they actually had been paid. Since petitioner failed not only to substantiate these expenses, but also to show that he was entitled to such deductions in the first place, we must sustain respondent's determination. Moving Expenses
During *221 1975 petitioner moved from Medford, Oregon, to Portland, Oregon. On his 1975 return he claimed a deduction of $2,700 for moving expenses. Respondent initially disallowed the entire deduction for failure of substantiation but subsequently conceded that petitioner is entitled to a deduction of $2,358. As to the balance of the claimed deduction, petitioner presented no documentation of any kind. Since petitioner has failed to substantiate an amount in excess of that allowed by respondent, we must also hold for respondent on this issue. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Pamela E. Coon is not a party to this case.↩
2. Such amount consisted of 15,000 miles at $.15 per mile and 43,200 miles at $.10 per mile.↩
3. Due to mathematical error on petitioner's moving expense form, the deduction he claimed is more than the total of the itemized expenses he reported.↩